**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Richard Samuel HUFFHINES, Defendant–Appellee.**

No. 91–50771.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1992.

Decided Feb. 17, 1993.

---

Brad M. Sonnenberg, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellant.

Olivia Karlin, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellee.

Before: JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an appeal by the United States from an order of the district court requiring the United States government to produce property of the appellee, Richard Huffhines, which was seized during the course of a search by the Beverly Hills Police. What makes the case one of first impression is that, at the time of the district court's order, the property at issue was not and never had been in the possession or under the control of the United States government; nor had the search been conducted with the knowledge, approval or cooperation of the United States government. At the time of the order, the property was apparently still in the hands of the Beverly Hills Police.

The motion to produce the property was filed pursuant to Federal Rule of Criminal Procedure 41(e) in federal court because the United States had prosecuted the appellee in federal district court for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). That prosecution was instituted after the Beverly Hills Police had furnished the United States with a gun that was found during the course of the search of Huffhines' hotel room. In the search of the room, as well as in the search of Huffhines incident to arrest, the Beverly Hills Police seized many other items. It is those items, and not the gun, which the district court ordered the United States to produce. We hold that the United States is not accountable for the property in the circumstances of this case and therefore reverse the district court's order.

Appellee was arrested by the Beverly Hills Police following complaints by a married couple that he was threatening them. The police arrested Huffhines for falsely identifying himself to a police officer in violation of Cal.Penal Code § 148.9. A search incident to arrest yielded $4,845 in cash, as well as a number of driver's licenses, gloves and car keys to a Chevrolet Blazer. In a search based on a search warrant obtained after appellee's arrest, the police gained entry to a hotel room in which Huffhines had been living. In the hotel room, the officers found a firearm, ammunition and equipment used in car thefts. The Beverly Hills Police turned the firearm and ammunition over to the Bureau of Alcohol, Tobacco and Firearms, and the federal prosecution of the defendant for a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm, followed.

After conviction and sentencing, Huffhines filed a motion pursuant to Rule 41 for return of property, including the $4,845, a briefcase, address books and personal papers, tools, binoculars, an optivision magnifier, a C.B. radio, a gold ring, pocket knives, a tarpaulin, a pocket dictaphone, a hand-held C.B. radio, a remote control set for an answering machine, and hand-made cigars. Rule 41(e) provides that: "A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." Fed. R.Crim.P. 41(e).

The district court ordered the government to turn over the property based upon a finding that "the Beverly Hills police are your [federal] agents. You used them in this case. You prosecuted this case with them.... So far as I'm concerned, they are clothed with the same authority as the federal agency would be."

We conclude, however, that there was no adequate basis for such a finding of agency. The finding was based only upon the fact that Beverly Hills Police furnished the gun, testified in the firearms prosecution and in their testimony described the circumstances of the search. This limited cooperation with respect to the gun and the firearms prosecution was completely independent of the actual conduct by the Beverly Hills Police of the initial search and seizure of the other property which is the subject of the Rule 41 motion. The Beverly Hills Police could not have been agents of the federal government at the time of the search.

On appeal Huffhines defends the district court's order by contending that the case law under Rule 41 permits a motion against the United States for return of property seized by local law enforcement agencies, and outside the control or possession of the United States, when there has been any cooperation between the local police and the United States with respect to a prosecution. All of the cases relied upon by Huffhines, however, involve a situation in which, unlike this case, there was actual cooperation between federal and state law enforcement agencies in either obtaining the warrant or conducting the search itself. We discuss the relevant circumstances of each case.

Two arose in the District of Columbia. In *United States v. Wright*, 610 F.2d 930 (D.C.Cir.1979), the D.C. Circuit found that the district court had jurisdiction over property that was seized by the metropolitan police, but used in a federal trial in the United States district court. In *Wright*, the property was in the possession of the District of Columbia property clerk. The court found that the district court had jurisdiction because the search warrant was originally issued by the district court; the

District of Columbia Police therefore held the property "as agents subject to the order of the United States Courts." *Id.* at 939. In *United States v. Wilson*, 540 F.2d 1100, 1104 (D.C.Cir.1976), the search warrant was issued by a United States magistrate and the metropolitan police seized the money and placed it in a District of Columbia bank account. The *Wilson* court ordered the property returned because the property was being held pursuant to a federal order.

In *Lowrie v. United States*, 824 F.2d 827 (10th Cir.1987), the court overturned a district court order for the FBI to provide copies of tax records seized by state officers. The court concluded that "as the present action was filed requesting a return of property under Rule 41(e), an order that the FBI return material which it does not have, nor does it have control over, cannot stand." *Id.* at 829; *see also United States v. Prevatt*, 414 F.2d 239, 241 (5th Cir.1969) (if property is in the hands of state officials, the appeal would be moot because the property is not within the jurisdiction of the federal court).

■ Appellee also argues that the literal language of Rule 41 [1] confers jurisdiction on the district court to order the return of property held in any search in the district regardless of federal participation. This is a misreading of the rule. The rule clearly relates to federal searches leading to federal prosecutions and extends in its furthest reach to searches conducted by state law enforcement agencies with direct federal authorization. *See, e.g., Wilson, supra.*

■ Appellee also claims that the appellant lacks standing to raise this appeal, because the United States was not in possession of the property and could not on its own comply with the order. Both Huff-

---

1. Rule 41(e) provides that:

   **Motion for Return of Property.** A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to

the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

hines' motion and the district court's order to return the property were directed at the United States. The United States correctly argues that it was ordered to return the property and might reasonably be subject to sanctions for failure to comply with the district court's order. To establish standing, the United States must face a "direct and palpable injury," *see United States v. Van Cauwenberghe*, 934 F.2d 1048, 1056–57 (9th Cir.1991), and in this case the possibility of sanctions provides sufficient injury to confer standing upon the government.

The order of the district court is therefore VACATED.