41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose DE LA ROSA-RODRIGUEZ, Defendant-Appellant.
Jose DE LA ROSA-RODRIGUEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-50114, 94-55522.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 10, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Jose De La Rosa-Rodriguez appeals pro se the district court's denial of both his Fed.R.Crim.P. 41(e) motion for the return of seized property and his 28 U.S.C. Sec. 2255 motion to vacate his pre-United States Sentencing Guidelines sentence. We have jurisdiction under 28 U.S.C. Secs. 1291, 2255 and affirm.
 
 A. Fed.R.Crim.P. 41(e)
 
 3
 The district court denied De La Rosa-Rodriguez's pro se Rule 41(e) motion seeking return of property allegedly taken from his home, his restaurant and his safety deposit box following his arrest on drug charges in January 1986. De La Rosa-Rodriguez contends the district court erred by not granting him a hearing on his claim and by not permitting him to challenge the legality of the seizures. This contention lacks merit.
 
 
 4
 We review de novo the district court's denial of a Rule 41(e) motion. United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993).
 
 
 5
 De La Rosa-Rodriguez claims that two types of property were seized, (1) jewelry, precious stones and coins and (2) various items of household and restaurant property. The government's affidavits, filed in opposition to De La Rosa-Rodriguez's motion, however, demonstrate that only the former items were seized. De La Rosa-Rodriguez submits no proof whatsoever that the other items were seized by the federal government. The government cannot be forced to return property which it does not have in its possession. Cf. United States v. Huffhines, 986 F.2d 306, 308 (9th Cir.1993) (where property seized and held by state authorities, claimant could not seek remedy against federal government under Rule 41(e)).
 
 
 6
 As for the items which were seized by federal authorities, these items were the subject of a successful administrative forfeiture proceeding completed in April 1991. De La Rosa-Rodriguez was properly and timely notified of the forfeiture proceedings, as evidenced by the copy of an October 1990 letter from the United States Department of Justice informing him of the proceedings and which De La Rosa-Rodriguez provides in his excerpt of records. Once civil forfeiture proceedings against property are instituted or completed, Fed.R.Crim.P. 54(b) precludes a district court's consideration of a Rule 41(e) motion in a criminal action.[1] United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990).
 
 
 7
 Furthermore, because De La Rosa-Rodriguez had adequate notice of the forfeiture proceedings against him, the forfeiture proceeding provided him with an adequate remedy at law and the district court could not exercise equitable jurisdiction over his claim. See id. at 874; see also United States v. Clagett, 3 F.3d 1355, 1356 n. 1 (9th Cir.1993) ("[I]f notice [of the forfeiture proceeding] was adequate[,] the ... proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief.").
 
 
 8
 Accordingly, the district court did not err by denying De La Rosa-Rodriguez's Rule 41(e) motion for return of property. See Elias, 921 F.2d at 875. Because the district court was without jurisdiction to consider De La Rosa-Rodriguez's claim, there was no error in its failure to hold an evidentiary hearing on the matter.
 
 B. 28 U.S.C. Sec. 2255 Motion
 
 9
 De La Rosa-Rodriguez contends that his sentencing proceeding violated due process because he was not permitted the opportunity to review the presentence report (PSR) before sentencing and because the PSR contained erroneous information which influenced the sentence which he received. These contentions lack merit.
 
 
 10
 We review de novo the district court's denial of a section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 11
 Here, the district judge deciding De La Rosa-Rodriguez's section 2255 motion was the same judge who had presided over his sentencing hearing. Relying on what occurred at the sentencing hearing, the district judge found that De La Rosa-Rodriguez had in fact read the PSR before the sentencing hearing and had declined to request any additions or corrections to the PSR.
 
 
 12
 Given the finding that De La Rosa-Rodriguez had read the PSR prior to his sentencing, he waived his right to challenge the alleged errors in the PSR by way of a section 2255 motion when he failed to do so either contemporaneously or on direct appeal. See United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990) (appellant who did not contest accuracy of PSR prior to filing section 2255 motion waived his right to raise the issue through a section 2255 motion).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 54(b)(5) expressly provides that the Federal Rules of Criminal Procedure are "not applicable to ... civil forfeiture of property for violation of a statute of the United States."