97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Quienteros VALENCIA, Defendant-Appellant.
 No. 95-30369.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Quinteros Valencia appeals pro se the district court's denial of his Fed.R.Crim.P. 41(e) motion for the return of seized property. We have jurisdiction under 28 U.S.C. § 1291 and we review de novo the district court's denial of a Rule 41(e) motion. United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993). We affirm.[1]
 
 
 3
 Valencia contends that the district court erred by denying his Rule 41(e) motion for the return of several items of property seized in connection with his arrest on drug-related charges. We disagree.
 
 
 4
 Once the federal government has completed civil forfeiture proceedings, Fed.R.Crim.P. 54(b) precludes a district court from considering a Rule 41(e) motion. United States v. Elias, 921 F.2d 870, 875 (9th Cir.1990).[2] This is because a claimant cannot be granted equitable relief if he failed to pursue adequate legal remedies. id. at 872, 874. A district court may exercise its equitable powers to consider a Rule 41(e) motion where the claimant was not given adequate notice of the pending forfeiture. United States v. Clagett, 3 F.3d 1355, 1356 & n. 1 (9th Cir.1993). However, where property was seized and held by state authorities, a claimant cannot seek a remedy against the federal government under Fed.R.Crim.P. 41(e). United States v. Huffhines, 986 F.2d 306, 308 (9th Cir.1993). Absent an agency relationship whereby state authorities acted with direct federal authorization, a district court has no jurisdiction to order the return of state-seized property under Rule 41(e). Id.
 
 
 5
 Here, Valencia contends that the district court erred by denying his Rule 41(e) motion for the return of: (1) a 1991 Honda Accord seized and administratively forfeited by the federal government under 21 U.S.C. § 881; and (2) $900 and $110,000 in United States currency seized and administratively forfeited by the Tacoma Police Department pursuant to Wash.Rev.Code § 69.50.505.
 
 1991 Honda Accord
 
 6
 Valencia contends that the district court erred by refusing to return the 1991 Honda because the government did not pursue the administrative forfeiture in a timely manner. We disagree.
 
 
 7
 Here, Valencia was given adequate notice of the administrative forfeiture and an opportunity to attack the legality of such proceedings by pursuing his legal remedies. Because Valencia failed to pursue his remedies at law, he was precluded from obtaining equitable relief. See Elias, 921 F.2d at 874. Therefore, the district court did not err by denying his request for the return of the 1991 Honda. See Clagett, 3 F.3d at 1356 & n. 1; Elias, 921 F.2d at 875.[3]
 
 
 8
 $900 and $110,000 in U.S. Currency
 
 
 9
 Valencia contends that the district court erred by denying his Rule 41(e) motion for the return of $900 and $110,000 in U.S. currency seized and administratively forfeited by the Tacoma Police Department. Valencia argues that the federal government should return this property because he never received notice of the administrative forfeitures and because the City of Tacoma lacked in rem jurisdiction over the property. We disagree.
 
 
 10
 Here, the Tacoma Police Department did not cooperate with federal law enforcement agencies. The Tacoma Police Department obtained a search warrant and searched the 1991 Honda without federal assistance. A Tacoma Police officer found $110,000 and a kilogram of cocaine in a hidden compartment. Subsequently, the cocaine and other evidence were handed over to the federal government for prosecution. Under these facts, the Tacoma Police were not agents of the federal government. Because the government cannot be forced to return property which was seized by state authorities, Valencia's contention that the federal government should be required to return the property is without merit. See Huffhines, 986 F.2d at 308.[4]
 
 Double Jeopardy
 
 11
 Additionally, Valencia contends that his criminal conviction followed the administrative forfeiture of his property and violated the Double Jeopardy Clause. Even assuming the truth of Valencia's allegations, his contention is foreclosed by United States v. Ursery, 116 S.Ct. 2135, 2138-49 (1996).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court may uphold the district court's ruling on any basis supported by the record, even if the district court reached a correct result for the wrong reasons. United States v. $25,000 U.S. Currency, 853 F.2d 1501, 1504 n. 1 (9th Cir.1988)
 
 
 [2]
 Rule 54(b)(5) expressly provides that the Federal Rules of Criminal Procedure are "not applicable to ... civil forfeiture of property for violation of a statute of the United States."
 
 
 [3]
 Because the district court was precluded from exercising its equitable powers to entertain Valencia's motion for the return of the 1991 Honda, we need not address Valencia's claims that: (1) the government failed to timely commence administrative forfeiture of the Honda, and (2) the government violated Valencia's due process rights by commencing administrative forfeiture of the Honda without obtaining a "turnover order" from the state of Washington. See Elias, 921 F.2d at 875
 
 
 [4]
 We note that Valencia's claim that he was not given notice of the Tacoma Police Department's administrative forfeitures is belied by the record