106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Perry A. McCULLOUGH, Defendant-Appellant.
 No. 96-15909.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Perry A. McCullough, a federal prisoner, appeals pro se the district court's order granting in part and denying in part his Fed.R.Crim.P. 41(e) motion and its order denying his motion for reconsideration. McCullough contends the district court erred by: (1) concluding that the government had only seized and erroneously destroyed six of the fifteen items listed by McCullough; (2) offsetting the $541 owed by the government to McCullough with the $225 penalty assessment owed by McCullough as part of his sentence; and (3) failing to consider McCullough's claim that the government caused him to lose property by negligently leaving his homes unprotected on the grounds that it was cognizable under Rule 41(e). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993), and we affirm.
 
 
 3
 McCullough contends that the district court erred when it concluded that the government had seized and erroneously destroyed only six of the fifteen items seized at the time of McCullough's arrest.[1] We disagree.
 
 
 4
 We review a district court's factual findings regarding a Rule 41(e) motion for clear error. In Re Grand Jury Subpoenas, 926 F.2d 847, 855 (9th Cir.1991). "[A] Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." Mills, 991 F.2d at 612 (quotation omitted.)
 
 
 5
 The district court did not clearly err by concluding the government had never seized the disputed items. McCullough claimed that a duffel bag and flight case seized at the time of his arrest contained additional clothing and electronic flight equipment. McCullough, however, submitted no evidence that these items were in fact seized by the government nor did he provide any proofs of purchase regarding these items. The government's inventory list made at the time of arrest does not mention the disputed items. Under these circumstances, the district court properly rejected McCullough's motion to return the disputed items. See In Re Grand Jury Subpoenas, 926 F.2d at 855-66; cf. United States v. Huffhines, 986 F.2d 306, 308 (9th Cir.1993) (holding that federal government cannot be forced to return property which it does not have in its possession).
 
 
 6
 McCullough next contends that the district court erred by offsetting the amount owed to him by the government for destroyed property with the statutory assessment fees owed by McCullough as part of his sentence. We disagree.
 
 
 7
 McCullough does not challenge the district court's general authority to reduce the amount of money due to a defendant under Rule 41(e) by the amount of his unpaid penalty assessment. See Mills, 991 F.2d at 612-613 (holding that defendant's property already in possession of government may be used to pay off monetary obligations imposed as part of the defendant's sentence). Instead, he argues that the district court's order was improper because, under 18 U.S.C. § 3013(c), he no longer had an obligation to pay the penalty assessment.
 
 
 8
 Section 3013(c) provides that a defendant's obligation to pay the penalty assessment ceases "five years after the date of the judgment." See 18 U.S.C. § 3013(c). Although McCullough's original judgment entered on November 8, 1990, it was subsequently reversed by this court. See United States v. McCullough, No. 90-10577 (9th Cir., July 14, 1994) (unpublished memorandum disposition).[2] On August 11, 1995, the district court issued an amended judgment. Accordingly, the judgment imposing the present penalty assessment was filed within eight months of the court's order allowing the set off.
 
 
 9
 Finally, we reject McCullough's contention that the district court erred by refusing to grant him equitable relief for the government's failure to properly secure his homes. The district court properly concluded that such a claim is not cognizable under Rule 41(e). See Ramsden v. United States, 2 F.3d 322, 324 (9th Cir.1993) (noting that the equitable relief available under Rule 41(e) is for property actually seized by the government); see also United States v. Nordic Village Inc., 503 U.S. 30, 33 (1992) (waivers of sovereign immunity by the United States government must be "unequivocally expressed"). We find equally unavailing McCullough's contention that the district court should have construed this portion of his motion as a claim under the Federal Tort Claims Act. Such an act would have been futile as the two-year statute of limitations had already expired by the time McCullough filed his motion. See Dyniewicz v. United States, 742 F.2d 484, 486 (9th Cir.1984). The district court's judgment is therefore
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 With regard to the six items that were not in dispute, the government accepted McCullough's valuation of these items
 
 
 [2]
 To the extent that McCullough seeks clarification of this court's Minute order issued on August 11, 1996, such an inquiry is best pursued in his pending appeal (No. 95-10380) from the reentry of judgment