_____

No. 96-1860
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Eastern District of Missouri.
Norman Ray Woodall,                 *          [UNPUBLISHED]
                                    *
          Appellant.                *

_____

Submitted:  February 6, 1997

Filed:  February 11, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.


     Norman Ray Woodall appeals the district court's[1] denial of his motion
for return of items seized from him by state authorities when they arrested
him, some of which were later used in his federal prosecution.  We affirm.


     A postconviction filing for return of property seized in connection
with a criminal case is treated as a civil equitable action, which the
district court where the claimant was tried has ancillary jurisdiction to
hear.  See Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) (per
curiam).  The district court properly denied Woodall's motion as to items
he claims were taken in an "ATF booking."  The government states that it
has no record of such a booking, and that it does not possess items from
any such booking.

_____

     [1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri.

Although a mere assertion by the government that it does not have Woodall's property would not render the issue moot, see id., Woodall failed to specify the date of this alleged booking or the items taken at that time.

The district court also properly denied the motion as to items that were used as evidence in Woodall's federal trial and then returned to the state authorities. The items were outside the possession of the federal government, cf. United States v. Wingfield, 822 F.2d 1466, 1470 (10th Cir. 1987) (federal jurisdiction over seized property in federal control), and were seized by state authorities pursuant to a state court warrant, without any federal participation in the seizure, cf. United States v. Huffhines, 986 F.2d 306, 308 (9th Cir. 1993) (Rule 41 jurisdiction in federal court reaches only as far as state searches with direct federal authorization). Finally, the government is not accountable for state-seized items that it never possessed or used as evidence. See id. at 307-08.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.