UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlos M. SOLIS, Defendant–Appellant.

No. 96–1544.

United States Court of Appeals,
Seventh Circuit.

Submitted March 4, 1996.

Decided Feb. 27, 1997.

Pamela Pepper (submitted on briefs), Office of the United States Attorney, Milwaukee, WI, for Plaintiff-Appellee.

Carlos M. Solis, Medical Center for Federal Prisoners, Springfield, MO, Pro Se.

Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

This is a successive appeal to *United States v. Jerez*, 108 F.3d 684 (7th Cir.1997), which we decide simultaneously. Familiarity with that opinion is assumed. Mr. Solis filed this appeal from the district court's denial of his motion, filed pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, requesting the return to his possession of certain personal property, including his automobile, seized at the time of his arrest. As the case comes to us, the only contention that is presented properly is that the automobile was taken wrongfully because its taking deprived Mr. Solis of his property in violation of the Double Jeopardy Clause.

■ This circuit has recognized that a post-conviction Rule 41(e) motion will be treated as a civil equitable proceeding for the return of the property in question. *See United States v. Taylor*, 975 F.2d 402, 403 (7th Cir.1992). Here, however, there is no evidence that the automobile was in the actual or constructive possession of the United States at the time of the filing of Mr. Solis' motion or, indeed, at any time before the filing of the motion. The record shows that the automobile was seized by Milwaukee County Deputy Sheriffs Hurrle and Lent when Mr. Solis and Mr. Jerez were arrested; therefore, the vehicle was never in the actual possession of the federal government. Mr. Solis cannot recover, therefore, on a theory that the government lost or destroyed his property. *See Mora v. United States*, 955 F.2d 156, 159–61 (2d Cir.1992) (holding that, if the government loses property of a defendant committed to its custody, the district

court has equitable jurisdiction to award damages). Nor does the record affirmatively establish that the vehicle was ever considered evidence in the federal prosecution; therefore, even if we were to accept the concept of constructive possession, *see United States v. Fabela–Garcia,* 753 F.Supp. 326, 328 (D.Utah 1989) (holding that the federal government was in constructive possession of evidence obtained by state authorities and held as evidence in case referred to federal government for prosecution), there would be no basis for relief. Likewise, Mr. Solis cannot rely on an agency theory because the automobile was not seized during an operation conducted by state officers at the direction of federal authorities. *See United States v. Huffhines,* 986 F.2d 306, 308 (9th Cir.1993). Mr. Solis, upon being advised that the United States was preparing to initiate the administrative process necessary to secure the forfeiture of the vehicle, transferred possession of the car to the Milwaukee County Sheriff's Department in a document entitled "Settlement Agreement."

Because the United States was not in possession of the vehicle at the time Mr. Solis filed his motion, and, indeed, had never been in possession of the vehicle, it is not the appropriate party from which to request its return. *Cf. United States v. White,* 718 F.2d 260, 261 (8th Cir.1983) (Rule 41(e) motion appropriately denied when United States does not possess property because, in such a case, the United States cannot return it).

Finally, even if Mr. Solis could maintain the present action against the United States, the sole ground that he has preserved and presented adequately to this court is his double jeopardy claim. After the Supreme Court's decision in *United States v. Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), relief on that ground is certainly barred. Accordingly, we affirm the district court's denial of Mr. Solis' Rule 41(e) motion.

AFFIRMED.