**Peter David McBEAN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 01–3767.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

Peter David McBean appeals a district court judgment that dismissed his motion for return of property filed under Fed. R.Crim.P. 41(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the district court in 1994, McBean and a codefendant were convicted of conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846, and McBean was sentenced to 236 months of imprisonment. This court affirmed the conviction and sentence on direct appeal. *United States v. Hyatt,* Nos. 94–3133/3986, 1995 WL 544060 (6th Cir. Sept.12, 1995).

McBean filed the instant motion for return of property in the district court in 1999, seeking return of numerous items of personal property he valued at $17,440, allegedly confiscated by agents of the Federal Bureau of Investigation during a search of his Miami, Florida, residence in 1994. The government responded in opposition to the motion, submitted evidence that items identified by McBean were not confiscated by federal agents, but acknowledged that miscellaneous documents and photographs were confiscated and had been destroyed without prior notice to McBean. Thereafter, the district court directed McBean to supplement his motion with evidence that the items of property he listed were confiscated by federal authorities. After McBean responded to the district court's order, the government filed a supplemental response to the motion, and moved for a change of venue or for summary judgment. The district court dismissed McBean's motion for return of property as meritless, and McBean filed a timely notice of appeal.

On appeal, McBean contends that the district court incorrectly concluded that: (1) an award of money damages against the government is not available in lieu of a return of his destroyed property under Fed.R.Crim.P. 41(e); and (2) he abandoned his claim to property listed in his original Rule 41(e) motion. The government responds that the district court's judgment was proper. Upon consideration, we will affirm the judgment because the district court did not abuse its discretion in denying McBean's motion for the

return of property for the reasons stated by the district court in its memorandum opinion and order filed April 25, 2001. *See United States v. Duncan,* 918 F.2d 647, 654 (6th Cir.1990).

■ The district court properly rejected McBean's claim for return of numerous items of personal property listed in his initial filing. The government established by affidavits from federal agents that no items other than photographs and documents were taken from McBean's home. In response to the district court's order directing McBean to substantiate his claim, McBean did not reiterate his claim to, or indeed even mention, the items originally listed. Rather, McBean asserted that he had mentioned in his motion unspecified photographs contained within a large leather duffle bag. Further, McBean contended for the first time in a conclusory manner that the photographs and documents the government admittedly seized and destroyed were worth $45,000, far more than the total value of the items he originally listed. Under these circumstances, the district court reasonably concluded that McBean abandoned his claim that federal agents seized the other items he originally listed.

■ Moreover, the district court correctly concluded that money damages are not available to McBean under Rule 41(e) for the value of the destroyed photographs and documents in any event. At least five courts of appeals have recently held that sovereign immunity bars claims for money damages under Rule 41(e). *United States v. Hall,* 269 F.3d 940, 943 (8th Cir.2001), *petition for cert. filed* (U.S. Mar. 13, 2002) (No. 01–9228); *United States v. Potes Ramirez,* 260 F.3d 1310, 1315–16 (11th Cir. 2001); *United States v. Jones,* 225 F.3d 468, 470 (4th Cir.2000), *cert. denied,* 532 U.S. 1053, 121 S.Ct. 2195, 149 L.Ed.2d 1026 (2001); *United States v. Bein,* 214 F.3d 408, 415 (3d Cir.2000); *Pena v. United States,* 157 F.3d 984, 986 (5th Cir.1998). Although earlier authority exists in which other courts concluded that money damages are available under Rule 41(e), *see United States v. Solis,* 108 F.3d 722, 722–23 (7th Cir.1997); *Rufu v. United States,* 20 F.3d 63, 65 (2d Cir.1994); *United States v. Martinson,* 809 F.2d 1364, 1367–69 (9th Cir.1987), those cases did not address the applicability of sovereign immunity to claims for money damages against the government. Under these circumstances, the district court correctly concluded that relief in the form of money damages is not available, and the district court did not abuse its discretion in dismissing McBean's motion.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.