**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John PETRUS, Defendant—Appellant.**

No. 02–30145.

D.C. No. CR–01–00101–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 19, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM **

John Petrus appeals pro se the district court's denial of his motion to reconsider the court's denial of his Federal Rule of Criminal Procedure 41(e) motion for the return of property allegedly seized in connection with drug-related charges.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reviewing for an abuse of discretion, *see United States v. Nutri-cology, Inc.,* 982 F.2d 394, 397 (9th Cir.1992), we conclude that the district court did not err by denying reconsideration of Petrus's Rule 41(e) motion on the grounds that he failed to present any new evidence that his property was in the possession of the federal government. *See United States v. Huffhines,* 986 F.2d 306, 308 (9th Cir.1993) (recognizing that the district court does not have jurisdiction to order the United States government to return property independently seized and possessed by state law enforcement).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Although Petrus timely appealed the denial of his motion to reconsider, he did not timely appeal the underlying rule 41(e) motion. *See* Fed.R.Crim.P. 4(b)(3); *United States v. Barragan–Mendoza,* 174 F.3d 1024, 1026 (9th Cir. 1999) (stating that a timely motion for reconsideration of an order in a criminal case delays the running of the 10–day filing period). Accordingly, we only have jurisdiction to review the district court's denial of Petrus's motion to reconsider.