**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 16-4106

MICHAEL ALEXANDER BACON,

Defendant - Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:14-CR-00563-DN-1)**

---

Veronica S. Rossman, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with her on the briefs), Denver, Colorado, for Defendant-Appellant.

Ryan D. Tenney, Assistant United States Attorney (John W. Huber, United States Attorney, with him on the brief), Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Appellant Michael Bacon appeals the district court's denial of his post-conviction motion under Federal Rule of Criminal Procedure 41(g) for the return of seized property

that allegedly went missing from the physical custody of state officials while federal charges were pending.

In March 2014, Appellant was arrested by state officials on state charges. The state officials seized property in Appellant's possession at the time of his arrest, including a fake mustache; a black wig; numerous items of clothing; a bank robbery demand note; multiple wallets, knives, lighters, bags, and keys; the title to a vehicle; and a small container with a crystalline substance within it that tested positive for meth.

In November 2014, while Appellant's state charges were still pending, he was indicted by a federal grand jury on five counts of bank robbery. Federal officials asked the state officials to hold Appellant's seized property for use as evidence in the federal case.

In April 2015, Appellant entered a guilty plea in the state prosecution that resolved all of the state charges against him. Also in April 2015, state officials allegedly released some of the property seized from Appellant—specifically, a wallet and the keys and title to a van—to his ex-wife.

A few months later, Appellant entered a Rule 11(c)(1)(C) plea of guilty to three counts of bank robbery in the federal case. At a hearing held on June 29, 2015, the district court accepted the plea of guilty and sentenced Appellant to the stipulated Rule 11(c)(1)(C) sentence of eighty months of imprisonment. During this hearing, defense counsel informed the court that Appellant wanted to have his seized property returned as

soon as the time for appeal had expired. The court replied to this request by "releasing whatever federal hold there is." (R. Vol. III at 65.)

Following the expiration of Appellant's time for appeal, defense counsel went to the Salt Lake City Police Department to retrieve Appellant's property for him. Several items were returned to him. However, Appellant alleges that there is a major discrepancy between what had been seized and what was turned over to counsel by state officials.

In February 2016, Appellant filed the instant Rule 41(g) motion asking the federal government to show cause why he had not received all of his seized property. He sought an itemization of and accounting for all of the seized property, as well as monetary damages for any personal property that had been lost and/or given away.

The district court re-appointed defense counsel to represent Appellant in the Rule 41(g) proceeding. Following a hearing, the court denied the Rule 41(g) motion for two reasons. First, the court held that Appellant had other adequate remedies at law, including state causes of action and a pending federal § 1983 civil action Appellant had already filed regarding the disposition of his seized property. Second, the court held that it lacked subject matter jurisdiction to grant monetary relief for any missing property. This appeal followed.

"We review questions of law relating to a Rule 41(g) motion de novo, but we review the district court's weighing of equitable considerations and its decision to deny a Rule 41(g) motion for an abuse of discretion." *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011) (internal citations omitted).

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved . . . by the deprivation of property may move for the property's return" by filing a motion in the district where the property was seized. "[T]here are some limited circumstances under which Rule 41[(g)] can be used as a vehicle to petition for the return of property seized by state authorities," such as in cases of "constructive federal possession where the property was considered evidence in the federal prosecution." *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999) (*Clymore I*). However, we have repeatedly held that Rule 41(g) provides "an equitable remedy" to a movant "only if he can show irreparable harm and an inadequate remedy at law." *Id.*; *see also, e.g.*, *Shigemura*, 664 F.3d at 312 ("A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows irreparable harm and an inadequate remedy at law." (internal quotation marks omitted)). "Rule 41[(g)] jurisdiction should be exercised with caution and restraint," and the district court should dismiss a Rule 41(g) motion if the movant has failed to make this showing. *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988).

We consider first Appellant's legal argument that the inadequate-remedy test for Rule 41(g) motions applies only to motions that are filed pre-indictment, but not to post-conviction proceedings. For support, he cites to the Third Circuit's holding, quoted by this court in *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (*Clymore II*), that the burden of proving entitlement to seized property shifts from the movant to the government after the criminal proceedings have terminated, at which point "the person

from whom the property was seized is presumed to have a right to its return," *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999). He contends that the same reasoning should apply to loosen the standards for the exercise of equitable jurisdiction over Rule 41(g) motions that are filed post-conviction.

We find this argument to be unpersuasive. The inadequate-remedy test is not based on the burden of proof or on the strength of a movant's claim, but on longstanding principles of equity. Whether a Rule 41(g) motion is filed pre-indictment or post-conviction, it remains an equitable remedy, and "in the federal courts equity has always acted only when legal remedies were inadequate," *Beacon Theatres, Inc., v. Westover*, 359 U.S. 500, 509 (1959); *see also, e.g.*, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." (internal quotation marks and ellipses omitted)). We see no valid reason to depart from this longstanding equitable principle, and we therefore reject Appellant's argument that the district court erred by applying the inadequate-remedy test to his post-conviction Rule 41(g) motion.

On the merits of the inadequate-remedy test, Appellant argues that the district court erred in holding that he has adequate remedies at law because (1) it is far from clear that he has an adequate remedy in his civil § 1983 case; (2) a state claim for damages against state officials "is wholly different from . . . a motion for return of property held by the federal government," *Floyd*, 860 F.2d at 1005; and (3) we should not consider the

specific state causes of action the government discusses in its appellate brief because the district court did not name any specific state causes of actions below.

We address these arguments in reverse order, beginning with Appellant's argument that we should not consider the adequacy of any specific state causes of action because the district court described no specific state remedies below. Appellant cites to our holding in *In re 6455 S. Yosemite, Englewood, Co.*, 897 F.2d 1549, 1557 (10th Cir. 1990), that "issues of irreparable injury and inadequate remedies at law are matters that should be addressed by the district court in the first instance," and he argues we should "remand the issue rather than engage in fact-intensive analysis" of the adequacy of his state remedies (Appellant's Reply Br. at 6).

However, while it is true that such equitable questions should generally be addressed by the district court in the first instance, we are not persuaded this general rule is applicable here. First, while the district court did not describe the specific state court remedies themselves, it did in fact address this matter by holding that there were state causes of action that provided Appellant with an adequate remedy at law. Thus, affirming on this ground would not usurp the district court's functions, but would simply help flesh out the legal basis for a decision that was already made by the district court. Second, Appellant had an opportunity to address the specific state causes of action that were discussed in the government's brief. *See Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1088 (10th Cir. 2006) ("[W]e have discretion to affirm on any ground adequately supported by the record, so long as the parties have had a fair opportunity to

address that ground." (internal quotation marks omitted)). Finally, Appellant has provided no explanation as to why the question of the existence or adequacy of state remedies would be a fact-intensive issue requiring further factual development in this case.

Among other potential state remedies, the government points to a Utah statute which provides that "[a] person claiming ownership of property held as evidence may file a petition with the court for the return of the property." Utah Code Ann. § 24-3-104(1)(a). Notably, an unpublished decision of this court has rejected the argument that this Utah statute provides an inadequate legal remedy for a claim seeking the return of seized property. *Pinder v. Mitchell*, 658 F. App'x 451, 454–56 (10th Cir. 2016). Moreover, as we pointed out in *Pinder*, the Utah Constitution contains a "self-executing" clause which permits a claimant to seek just compensation for the government's taking or damaging of private property. *Id.* at 456; *see also* Utah Const. art. 1, § 22; *Heughs Land, LLC v. Holladay City*, 113 P.3d 1024, 1026 (Utah App. 2005). Appellant has provided no persuasive argument as to why these state remedies would be inadequate in his case.

Appellant argues that his state remedies are inadequate because state causes of action are "wholly different from . . . a motion for return of property held by the federal government," *Floyd*, 860 F.2d at 1005. In *Floyd*, however, the property was being held in the physical custody of the federal government and, moreover, the state replevin statute only applied to property that was statutorily exempt from seizure. In this case, on the other hand, federal possession of the seized property is only constructive, and even this

constructive possession arguably ended when the district court ordered the release of any federal hold on the property at the expiration of Appellant's time to appeal from his federal criminal conviction, well before Appellant filed the instant Rule 41(g) motion. Moreover, the state law at issue in this case appears to provide a much broader remedy than the state law at issue in *Floyd*.

The disputed property in this case was seized by state officials pursuant to a state warrant and held as evidence for state charges. While the federal government later informed the state that it would be filing federal charges and asked the state to hold the property as evidence for the pending federal case, there is no indication in the record that the property ever physically changed hands. Even when the property was in the constructive possession of the federal government, the state retained actual, physical custody over it. Appellant has presented no persuasive argument as to why he cannot use available state processes to obtain the return of, or compensation for, property that was seized by the state, retained in the physical custody of the state, and allegedly lost or improperly disposed of by the state.

We accordingly conclude that the district court did not abuse its discretion by denying Appellant's Rule 41(g) motion on the ground that he has adequate legal remedies under state law. Because we affirm on this ground, we do not address the district court's alternative holding that Appellant's federal § 1983 action also provides him with an adequate remedy at law, nor do we address any other potential basis for the district court's decision.

Finally, Appellant argues that, regardless of the merits of the district court's holding that Appellant has adequate legal remedies, remand is necessary because the district court failed to conduct a hearing to resolve disputed issues of fact regarding Appellant's missing property. For support, he cites to Rule 41(g)'s statement that the district court "must receive evidence on any factual issue necessary to decide" a Rule 41(g) motion. However, the district court was not required to resolve all of the disputed factual issues in this case—who owned the van, what property was missing, whether the withheld property was contraband per se or derivative contraband, etc.—in order to decide that Appellant had an adequate remedy at law and thus the court should decline to exercise its equitable jurisdiction over his Rule 41(g) motion. Because these factual issues were therefore not "necessary to decide" the Rule 41(g) motion, the district court did not err in declining to receive evidence regarding them.

We accordingly **AFFIRM** the district court's denial of Appellant's Rule 41(g) motion for the return of property. We **GRANT** the government's motion to supplement the appellate record with documents from Appellant's related state and federal cases.