**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-1934 |
| Plaintiff-Appellee | D.C. No. 2:22-cr-448-JLS-1 |
| v. | |
| EDUARD GASPARYAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted December 8, 2025

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

State and federal law enforcement agencies independently investigated
Defendant-Appellant Eduard Gasparyan for an assortment of crimes. State officials
obtained and executed a warrant to search Gasparyan's home where they seized
various items including a Rolex watch. Federal prosecutors subsequently prosecuted
Gasparyan, and he pleaded guilty to a federal offense. Gasparyan then moved the
district court under Federal Rule of Criminal Procedure 41(g) for an order

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

compelling federal officials to return the seized Rolex. The district court denied the motion for lack of jurisdiction. We now affirm that decision.

The parties are familiar with the facts, so we do not recount them here except when necessary for context. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's decision to withhold relief under Rule 41(g) for abuse of discretion. *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010) (en banc), *overruled on other grounds*. "A district court abuses its discretion when," among other things, "it makes 'an error of law.'" *Snitko v. United States*, 90 F.4th 1250, 1260 (9th Cir. 2024) (citation omitted).

The district court held that Rule 41(g) did not apply because the Rolex remains "in the possession of state, not federal, authorities." Gasparyan thinks this analysis too simplistic. Although the federal government does not actually possess the Rolex, he contends that federal prosecutors have "constructive possession," which he believes is enough to activate Rule 41(g). We have never endorsed constructive possession as a basis for Rule 41(g) relief, and Gasparyan concedes the novelty of his position. We decline his invitation to adopt that theory here.

Generally speaking, "Rule 41 applies only when a search is 'federal in character.'" *United States v. Artis*, 919 F.3d 1123, 1130 (9th Cir. 2019) (quoting *United States v. Martinez-Garcia*, 397 F.3d 1205, 1213 (9th Cir. 2005)); *see* Fed. R. Crim. P. 41 (prescribing rules and procedures applicable to federal "Search[es] and

Seizure[s]"). It is undisputed that neither the search nor the seizure in this case was "federal in character." Rather, state officials seized the Rolex pursuant to a state search warrant secured without federal participation. Under these circumstances, Rule 41(g) is generally inapplicable. *See United States v. Huffhines*, 986 F.2d 306, 308 (9th Cir. 1993) (holding that Rule 41(g)'s predecessor "clearly relates to federal searches leading to federal prosecutions and extends in its furthest reach to searches conducted by state law enforcement agencies with direct federal authorization"); *United States v. Marshall*, 338 F.3d 990, 994–95 (9th Cir. 2003) (applying *Huffhines*'s "direct federal authorization" test and denying a Rule 41 motion because the state police were "working *with* federal authorities, rather than *for* them," so they were not "acting under direct federal authorization").

Construed literally, *Huffhines*'s "direct federal authorization" test disposes of Gasparyan's argument. State investigators seized the Rolex without "direct federal authorization," and he does not contend otherwise. That does not end the matter, however. *Huffhines* would also preclude relief where state officials seized property without federal authorization, then immediately and irretrievably transferred the property to federal officers. But not even the government defends that proposition. On the contrary, the government concedes that, under Rule 41(g), "a federal court can order the federal government to return property . . . in the actual possession of the federal government."

Also, as Gasparyan points out, both *Huffines* and *Marshall* involved property that was "never" within the federal government's "control." *Huffhines*, 986 F.2d at 307; *Marshall*, 338 F.3d at 995. Whereas here, he avers, the state agency possessing the Rolex vowed to retain it while federal prosecutors sought to liquidate it. Gasparyan also produced a sworn statement indicating that the state agency wished not "to get in the middle of this mess" while federal prosecutors "deal[] with" it. According to Gasparyan, these facts show that the federal government assumed "constructive possession" of the Rolex, empowering the federal court to order the watch's return under Rule 41(g). We are not convinced.

In an attempt to stitch this theory together, Gasparyan invokes caselaw from the criminal-law context holding that one constructively possesses an object outside their physical custody when they have "dominion and control" over it. *See United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (discussing the "connection" necessary between a criminal defendant and contraband "to support [an] inference" that the former unlawfully possessed the latter). Yet Gasparyan offers no authority, or even a principled justification, for importing this criminal-law definition into Rule 41(g). Rule 41(g) motions initiate "civil equitable proceedings and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993). And the need for restraint is particularly pronounced here, where Gasparyan seeks an order compelling federal

officials to produce property seized and retained by state officials pursuant to state law. We perceive no comparable concerns over federalism or comity in the criminal-law context in which *Terry* arose.

Nor does Gasparyan explain why the few of our sister circuits that have endorsed constructive possession as a hook for Rule 41(g) relief were wrong to circumscribe their tests *far* more narrowly than the test that Gasparyan urges us to adopt. In the Seventh and Tenth Circuits, Rule 41(g) applies where the federal government constructively possesses property that was "considered evidence in the federal prosecution." *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997); *United States v. Bacon*, 900 F.3d 1234, 1237 (10th Cir. 2018) (internal quotations and citation omitted); *see also United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999) (citing *Solis* for the proposition that Rule 41(g)'s predecessor might apply based on "actual or constructive possession"). And in the Eighth Circuit, constructive possession similarly exists where the federal government "(1) consider[ed] the property as evidence in a federal prosecution or (2) direct[ed] state officials to seize the property as agents of federal authorities." *United States v. Howard*, 973 F.3d 892, 894–95 (8th Cir. 2020). Not even in these few jurisdictions where constructive possession has been recognized would Gasparyan have a remedy under Rule 41(g). There is no evidence that federal prosecutors considered the Rolex as "evidence in the federal prosecution," *Solis*, 108 F.3d at 723, nor that state

authorities seized the watch "as agents of federal authorities," *Howard*, 973 F.3d at 894–95.

Gasparyan's theory would thus not only contravene *Huffhines*'s language cabining Rule 41(g)'s "furthest reach," but it also would expand the constructive-possession theory *far* beyond any federal appeals court to date. Indeed, Gasparyan would have us fashion a rule authorizing federal courts to produce toothless return orders that federal officials are incapable of executing and that state officials are at liberty to ignore. At oral argument, counsel for Gasparyan acknowledged that even if the district court granted his motion, state officials could ultimately refuse to transfer the watch to the federal government. That is a bridge too far. The district court was under no obligation to invoke Rule 41(g) on such flimsy grounds, nor to enlarge its own equitable powers in the process. Contrary to Gasparyan's assertion, the district court's decision did not rest on any "misunderstanding of the law."[1]

**AFFIRMED.**

---

[1] Because we affirm the district court's order concluding that Gasparyan's motion exceeded Rule 41(g)'s parameters, we need not consider his challenge to the district court's conclusion that he has an adequate remedy through state proceedings.