FILED
United States Court of Appeals
Tenth Circuit

May 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS ADOLFO TINAJERO-
PORRAS,

Defendant - Appellant.

No. 09-6235
(D.C. No. 06-CR-00115-R-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

---

Defendant-Appellant Jesus Tinajero-Porras, an inmate proceeding pro se,

appeals from the district court's denial of his motion for the return of seized

property under Fed. R. Crim. P. 41(g). Having jurisdiction under 28 U.S.C. §

1291, we affirm because Defendant must proceed under 18 U.S.C. § 983, the

exclusive remedy for the recovery of administratively forfeited property.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Tinajero-Porras is currently serving a sentence of 360 months in prison for his conviction for various federal drug offenses. 1 R. 34-36. When Drug Enforcement Agency officers arrested Mr. Tinajero-Porras in April 2006, they found $5,023 in cash in his pocket. Id. at 127. The district court did not include this cash among the criminal proceeds that Mr. Tinajero-Porras forfeited under 21 U.S.C. § 853. Id. at 99-104. Instead, the DEA administratively forfeited the cash under 21 U.S.C. § 881 after sending notices to a Norman, Oklahoma residence, the Oklahoma County jail where Mr. Tinajero-Porras was being held, and an Oklahoma City attorney, and publishing notices in the Wall Street Journal. Id. at 131-50.

In a short order, the district court denied Mr. Tinajero-Porras's Rule 41(g) motion, it appears, for lack of subject matter jurisdiction because 18 U.S.C. § 983 is the exclusive remedy and, alternatively, because a properly filed motion would be futile. 1 R. 151-52. On appeal, Mr. Tinajero-Porras claims that the Government's notice was inadequate because he never received it, he never lived at the Norman address, the attorney no longer represented him when she received the notice, and he cannot read English, so the Wall Street Journal publication was ineffective. Aplt. Br. at 2-4. It does not appear that he raised these arguments in the district court. 1 R. 127-28.

We review de novo a district court's dismissal for lack of subject matter jurisdiction. United States v. Rodriguez-Aguierre, 414 F.3d 1177, 1181 (10th Cir.

- 2 -

2005).  A motion filed under 18 U.S.C. § 983 is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."  18 U.S.C. § 983(e)(5).  Under prior Rule 41(e), which Rule 41(g) replaced, we "held that where the property sought to be returned has been administratively forfeited, the Court should not exercise Rule 41(e) jurisdiction if the movant has failed to challenge the forfeiture through the appropriate administrative and judicial procedures."  United States v. Deninno, 103 F.3d 82, 84 (10th Cir. 1996).  That holding applies here.  Because 18 U.S.C. § 983 is the exclusive vehicle to challenge an administrative forfeiture under 21 U.S.C. § 881, we lack jurisdiction to review the denial of Mr. Tinajero-Porras's Rule 41(g) motion.  See Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005).  Therefore, we cannot review the arguments he presents on appeal, because they go to the merits of the forfeiture.  See id.  Mr. Tinajero-Porras does not raise any collateral due process attack that would trigger our jurisdiction.  Deninno, 103 F.3d at 84.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge