FILED
United States Court of Appeals
Tenth Circuit

December 20, 2011

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARD KATSUAKI SHIGEMURA,

Defendant-Appellant.

No. 11-6095

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:09-CR-00091-C-1)**

---

Submitted on the briefs:[*]

Edward Katsuaki Shigemura, pro se.

Sanford C. Coats, United States Attorney; Debra W. Paull and Chris M. Stephens, Assistant United States Attorneys, Oklahoma City, Oklahoma, for Plaintiff–Appellee.

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

[*] After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant, a federal prisoner appearing *pro se*, appeals the denial of his Rule 41(g) Motion for Return of Seized Property.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's order denying the motion.

In 2009, Defendant was pulled over by the Oklahoma Highway Patrol, who searched the car he was driving and found, among other things, five loaded handguns, a rifle, and $62,368.93 in cash. Defendant was arrested, indicted, and later found guilty of being a felon in possession of firearms. Before trial, the federal government obtained a seizure warrant for the $62,368.93 as money furnished or intended to be furnished in exchange for a controlled substance under 21 U.S.C. § 881(a)(6). At sentencing, the district court found Defendant's trip was "made for the purpose of dealing in illegal drugs" and the "funds were being transported in connection with a drug felony." The district court applied a sentencing enhancement for possessing a firearm in connection with another felony. (Supplemental R. Vol. 1 at 83.) Defendant appealed the

---

[1] Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Prior to amendments in 2002, the substance of Rule 41(g) was contained in former Rule 41(e). See *United States v. Copeman*, 458 F.3d 1070, 1071 n. 1 (10th Cir. 2006) ("What was formerly Rule 41(e) is now Rule 41(g), with only stylistic changes.").

enhancement and this court affirmed. *See United States v. Kitchell*, 653 F.3d 1206 (10th

Cir. 2011).

The FBI sent, and Defendant received, notice of the administrative seizure on May

7, 2009. The notice included information regarding how and when to contest the

forfeiture and how and when to file a petition for remission or mitigation of the forfeiture.

Defendant did not file a claim to contest the forfeiture, and the FBI issued a Declaration

of Forfeiture. Defendant did not appeal this Declaration. Defendant did file a petition for

remission or mitigation, which the FBI denied. The FBI advised Defendant he had ten

days to seek reconsideration of its decision, but Defendant did not seek reconsideration.

Fourteen months later, Defendant filed the current F.R.C.P 41(g) motion seeking

return of $44,853.39, the portion of the money he now claims as his, plus other personal

property seized at the time of his arrest.[2] The district court held that it lacked jurisdiction

because Defendant had failed to challenge the forfeiture through the administrative

process, and the court therefore denied the motion.

## DISCUSSION

A district court should exercise its equitable power to grant relief only if the Rule

41(g) movant shows "irreparable harm and an inadequate remedy at law." *United States*

*v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (quotations and citation omitted).

Once criminal proceedings have terminated, "the person from whom the property was

seized is presumed to have a right to its return, and the government must demonstrate that

---

[2] At sentencing, Defendant took the position the money was not his.

it has a legitimate reason to retain the property." *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (quotations omitted).

We review questions of law relating to a Rule 41(g) motion de novo, *see United States v. Howell*, 425 F.3d 971, 973 (11th Cir. 2005), but we review the district court's weighing of equitable considerations and its decision to deny a Rule 41(g) motion for an abuse of discretion, *see Copeman*, 458 F.3d at 1072.

We agree with the district court that because Defendant failed to file an administrative claim to contest the forfeiture of the $44,853.39 in cash, the court lacked jurisdiction to hear his 41(g) motion as it related to this issue. *See U.S. v. Deninno*, 103 F.3d 82 (10th Cir. 1996). Defendant did not contest the forfeiture, but only filed a petition for remission or mitigation. *See Ibarra v. United States*, 120 F.3d 472, 475 (4th Cir. 1997) ("A petition for remission or mitigation 'does not serve to contest the forfeiture, but rather is a request for an executive pardon of the property based on the petitioner's innocence . . .'" (quoting *United States v. Vega*, 72 F.3d 507, 514 (7th Cir. 1995))). Because remission and mitigation are discretionary, "the courts may not review the merits of an agency's decision to deny mitigation or remission, but may only determine whether the agency followed the applicable procedural requirements prior to forfeiting the property." *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 735 (D.C. Cir. 2001). Defendant's 41(g) argument that the government failed to prove a connection between the forfeited property and the alleged crime does not show the type of procedural defect that would warrant an exercise of the district court's

-4-

equitable jurisdiction.[3]  *See Deninno*, 103 F.3d at 84.

As for Defendant's request for return of his personal property seized on the day of arrest, the government concedes such items were not included in the forfeiture action and might be recoverable under Rule 41(g).  We therefore remand for the district court to consider the legal and factual issues relating to this claim, beginning with the fundamental question—unclear from the record on appeal—of whether this property is even in the federal government's possession.  *See Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005).

**AFFIRMED** in part and **REMANDED** in part.  Plaintiff's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

---

[3] Defendant's argument that he did not receive notice of the FBI's denial of his petition for mitigation or remission does not raise any due process concerns relating to the notice of the forfeiture proceeding itself.  *See Ibarra*, 120 F.3d at 474 n.4.