**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD K. SHIGEMURA,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 12-6229

(W.D. of Okla.)

(D.C. No.5:12-CV-00694-C)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Edward Shigemura is a federal prisoner serving a 78-month prison sentence. He appeals the district court's dismissal of his claim under the Federal Tort Claims Act (FTCA) for lack of subject matter jurisdiction. Shigemura's FTCA claim concerns property that the FBI allegedly lost following his arrest in 2009. Because the district court properly concluded that there is no waiver of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

sovereign immunity given the circumstances of the property's seizure, the district court's order of dismissal is AFFIRMED.

# I. Background

Shigemura was arrested in February 2009 and charged with being a felon in possession of a gun. Shigemura had been driving a car with two other passengers. After stopping and searching the car, the police found $17,504.36 in cash on one of the passengers and $41,983 in cash in a backpack located in the trunk. *United States v. Kitchell*, 653 F.3d 1206, 1213–14 (10th Cir. 2011), *cert. denied sub nom. Shigemura v. United States*, 132 S. Ct. 435 (2011).

At sentencing, after a jury convicted him of the gun charges, Shigemura claimed that the money was not his. After his sentence was affirmed on appeal, *id.* at 1229, Shigemura filed a Federal Rule of Criminal Procedure 41(g) motion for return of seized property. Specifically, Shigemura sought the return of $44,853.39, the portion of the money seized that he now claimed belonged to him plus other personal property. The district court denied his motion, and this court partially affirmed, holding that because Shigemura failed to file an administrative claim to challenge the forfeiture the district court had no jurisdiction to hear his case. *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011), *cert denied*, 132 S. Ct. 1952 (2012). This court remanded the case back to the district court to consider Shigemura's claim that the government still retained some personal property that was not subject to forfeiture. *Id.* at 312–13.

On remand, the government claimed that only two items were in its possession, a cell phone and a pair of running shoes. Shigemura, believing that more property was in the government's possession, requested the district court to convert his Rule 41(g) motion to a FTCA claim. The court declined to do so, but it did order the government to return the two items to Shigemura.

On May 11, 2012, Shigemura filed an administrative claim for $452 with the FBI office in Oklahoma City, Oklahoma. The FBI denied his claim, stating that the claim was not timely filed pursuant to 28 U.S.C. § 2401. Shigemura then filed a FTCA claim in district court, seeking $452 in damages for loss of personal property.

The district court referred the FTCA claim to a magistrate judge, who recommended dismissing the claim because the FTCA did not waive sovereign immunity for claims arising from the seizure of property by a law enforcement officer. The district court agreed with the magistrate judge's analysis and dismissed the claim. The court added that while sovereign immunity could be waived for law enforcement property seizures under certain circumstances, those circumstances were not implicated here. Shigemura now appeals the dismissal. The district court has denied Shigemura leave to appeal *in forma pauperis* (IFP).

## II. Analysis

Shigemura argues that the district court erred in dismissing his FTCA claim and in denying him leave to amend his complaint. We review de novo a district

court's dismissal of a claim for lack of subject matter jurisdiction.  *Merrill Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004).  And we review a district court's denial of leave to amend under Rule 15(a) for abuse of discretion.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

The FTCA authorizes claims against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  Yet such claims are normally not authorized for the "detention of any . . . property by any . . . law enforcement officer."  28 U.S.C. § 2680(c).  The statute makes an exception where

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); *and*
>
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

*Id.* (emphasis added).

Shigemura claims that the FBI lost his property after the Oklahoma Highway Patrol turned it over to the FBI.  An FBI agent qualifies as a "law enforcement officer" under § 2680(c).  *See Ali v. Fed. Bureau of Prisons*, 552

-4-

U.S. 214, 228 (2008) (holding that § 2680(c) reaches all law enforcement officers). Accordingly, the government's sovereign immunity is not waived unless Shigemura's claim satisfies all four conditions outlined in § 2680(c).

The district court reasoned that the first condition had not been satisfied because the property was not seized for the "purpose of forfeiture." It followed the reasoning of *Foster v. United States*, 522 F.3d 1071 (9th Cir. 2008), where the court held that a seizure of property pursuant to a search warrant had not been done solely for the purpose of forfeiture. *Id.* at 1075–76. Rather, it had been seized for purposes of criminal investigation. Even if federal agents had the dual purpose of seizing for investigation and for forfeiture, the seizure would not satisfy the first condition. *Id.* at 1079.

In reaching this conclusion, the Ninth Circuit relied on the policy rationale articulated in *Kosak v. United States*, 465 U.S. 848, 856 (1984), that the FTCA's waiver of sovereign immunity was not designed to impair "law enforcement officers' effectiveness in carrying out the important purposes underlying the seizure and redirect their attention from the possibility of danger in executing the search warrant to the possibility of civil damages." *Foster*, 522 F.3d at 1078. We find *Foster* to be persuasive. Because Shigemura's property was seized pursuant to a lawful arrest, and not solely for purposes of forfeiture, there is no waiver of sovereign immunity under the FTCA and thus his claim cannot proceed.

Accordingly, the district court was correct to dismiss Shigemura's claim for lack of subject matter jurisdiction.

Furthermore, the district court did not abuse its discretion in denying Shigemura leave to amend his complaint. No amendment could alter the underlying fact that Shigemura's property was seized pursuant to a lawful arrest.

## III. Conclusion

Having concluded the district court was correct to dismiss Shigemura's claim, we AFFIRM the district court's judgment.

We also agree with the district court that the appeal was not taken in good faith, and thus DENY Shigemura's request to proceed on appeal IFP. The balance of the court filing fee is now due for payment.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge