**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 3, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES PENRY,

     Defendant-Appellant.

No. 12-8079
(D.Ct. No. 1:08-CR-00067-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Charles Penry, a federal inmate appearing pro se, appeals the district court's order denying his post-conviction motion filed pursuant to Federal

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rule of Criminal Procedure 41(g) for return of a laptop computer and hard drive seized by the government and retained following his conviction. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order.

## I. Factual and Procedural Background

For the purpose of addressing this appeal, we provide only a brief summary of the relevant factual and procedural background. On February 18, 2008, Wyoming law enforcement officials arrested Mr. Penry pursuant to a Colorado warrant for a parole violation. Four days later, his roommate voluntarily turned over to law enforcement Mr. Penry's laptop computer and associated computer equipment, stating his computer might contain images of child pornography. On February 26, 2008, agents with the Wyoming Internet Crimes Against Children task force interviewed Mr. Penry, who admitted he used the computer to download and view child pornography from the internet and attempted to camouflage such pornography by altering file names and extensions.

On March 7, 2008, authorities obtained and executed a search warrant on the computer and its hard drive where they discovered more than 600 images and videos of young children engaging in sexually explicit activity. An indictment followed, charging Mr. Penry with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The indictment did not, however, charge Mr. Penry with a count for criminal forfeiture under 18 U.S.C. § 2253 relating to the property seized.

One month later, Mr. Penry entered into a plea agreement and pled guilty to the indictment. At his plea hearing, Mr. Penry again admitted he knowingly possessed property containing digital images of child pornography. On July 11, 2008, the district court sentenced him to 150 months imprisonment and twenty years supervised release.

In May 2009, Mr. Penry filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on grounds other than presented here, which the district court denied and Mr. Penry did not appeal. In August 2012, Mr. Penry filed the instant Rule 41(g) motion, seeking the return of his seized property, claiming the government failed to obtain the required forfeiture order on said property, and arguing the fourteen-day delay in obtaining and executing a search warrant following his arrest violated his constitutional right against unreasonable search and seizure. The government objected, arguing Mr. Penry forfeited his right to such property when he used it in the commission of the offense for which he was convicted.

The district court issued an order denying Mr. Penry's motion for return of seized property with respect to the laptop computer and its hard drive but granting his motion as to any remaining property. Concerning the computer and hard drive, the district court relied on 18 U.S.C. §§ 2252A(a)(5)(B) and 2253(a) to explain Mr. Penry forfeited both his interest in images containing sexually explicit depictions of minors and the property containing those images–the laptop

computer and hard drive which he used to commit the offense of sexual exploitation of a minor. As to the reasonableness of the search and seizure of the computer equipment due to the fourteen-day delay in obtaining a warrant and conducting the search, the district court declined to address the merits of such a claim, explaining Mr. Penry could not collaterally challenge the circumstances surrounding the search and seizure of property through a post-conviction Rule 41(g) motion. Alternatively, it explained that even if it construed the motion as a collateral attack on his conviction under 28 U.S.C. § 2255, it would be a second or successive motion, and Mr. Penry had not demonstrated, as required by § 2255(h), that the motion contained either newly-discovered evidence or a new rule of retroactive constitutional law.

## II. Discussion

Mr. Penry now appeals the portion of the district court's order denying the return of his computer and hard-drive, claiming it abused its discretion by failing to follow the required criminal and administrative forfeiture procedures, as required by 18 U.S.C. § 2254, 21 U.S.C. § 853, and Federal Rule of Criminal Procedure 32.2, and that the government failed to obtain a forfeiture order pursuant to those provisions. Mr. Penry also renews his argument the government violated his constitutional right against unreasonable search and seizure based on the fourteen-day delay between his arrest and the issuance and execution of the search warrant. He also suggests Rule 41(g) is the appropriate avenue for

recovery of such property as well as to suppress evidence obtained through an illegal search and seizure.

We begin with the general premise that "[t]he government is clearly permitted to seize evidence for use in investigations and trial," but, as a general rule, "seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001) (internal quotation marks omitted). Section 2253 explains what is considered contraband or property subject to forfeiture for offenses, like Mr. Penry's, which involve the sexual exploitation of children. It states defendants involved in such offenses "shall forfeit to the United States such person's interest in" any visual depictions, proceeds obtained from such an offense, and "any property, real or personal, used or intended to be used to commit or promote the commission of such offense or any property traceable to such property." *See* 18 U.S.C. § 2253(a)(1)-(3). It further references the general statute regarding criminal forfeitures, 28 U.S.C. § 853, explaining the provisions of that statute also apply, except for "subsections (a) and (d)." Section 853 is the statute on which Mr. Penry relies in his appeal. However, the unexcepted subsections of § 853 do not aid in our disposition of this appeal given they involve primarily the treatment of such property with respect to third parties, protective orders, the court's authority to issue warrants for seizure, and the government's disposition of seized property. *See* 21 U.S.C. § 853(a)-(q).

Only the excepted provision in subsection (a), which does not apply, states an order of forfeiture shall issue.[1]

While § 2253 directs the forfeiture of contraband property involved in the offense Mr. Penry committed, he correctly contends no forfeiture order has been issued giving title to the government. Federal Rule of Criminal Procedure 32.2, regarding criminal forfeitures, and on which Mr. Penry also relies, requires the court to issue a forfeiture order, directly or by reference, in a criminal judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B). However, such an order may issue only if "the indictment or information contains notice to the defendant that the government will seek forfeiture of property as part of any sentence in accordance with the applicable statute." *See* Fed. R. Crim. P. 32.2(a).[2] In this case, the indictment did not contain a forfeiture count pursuant to § 2253 and, accordingly, the district court did not enter a criminal forfeiture order in the judgment.

Mr. Penry also correctly points out no administrative forfeiture of his property occurred under 18 U.S.C. § 2254. While the government may obtain

---

[1] Only the excepted portion of subsection (a) states the court in sentencing a convicted person *"shall order ... that the person forfeit to the United States all property"* used or intended to be used to commit or facilitate any violation of federal law. *See* 21 U.S.C. § 853(a) (emphasis added).

[2] Adherence to this criminal forfeiture rule has been applied with respect to the offense of sexual exploitation of children offenses and forfeitures under 18 U.S.C. § 2253. *See, e.g., United States v. Huckins*, 529 F.3d 1312, 1314 (10th Cir. 2008) (showing forfeiture count under 18 U.S.C. § 2253 included in indictment and forfeiture order regarding computer equipment included in the judgment).

quiet title to property involved in a criminal proceeding through an administrative forfeiture proceeding, *see United States v. Clymore*, 245 F.3d 1195, 1200 (10th Cir. 2001); *United States v. Clark*, 84 F.3d 378, 380 (10th Cir. 1996), no such administrative proceeding occurred in this case.

Finally, a party or the government may gain quiet title to confiscated property in a civil equitable proceeding brought pursuant to Federal Rule of Criminal Procedure 41(g)–the rule on which Mr. Penry now bases his motion.[3] *See Clymore,* 245 F.3d at 1200; *Floyd v. United States*, 860 F.2d 999, 1006 (10th Cir. 1988). Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

We review questions of law relating to Rule 41(g) motions *de novo* and review the district court's weighing of equitable considerations and its decision to deny such a motion for an abuse of discretion. *See United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 1952 (2012).

---

[3] As the district court noted, when Rule 41 was amended in 2002, Rule 41(e) became Rule 41(g) with only stylistic changes. *See United States v. Copeman*, 458 F.3d 1070, 1071 n.1 (10th Cir. 2006). Therefore, earlier authority discussing Rule 41(e) remains relevant to our disposition of this appeal.

Generally, when a claimant seeks recovery of property through a Rule 41(g) proceeding, we have said the claimant "must prove only a right to lawful possession of the property and an equitable right to its return, and no presumptions exist in favor of the government." *Clymore*, 245 F.3d at 1201. However, when the property is used to commit the offense on which the defendant received his conviction, only an innocent owner or one aggrieved by an illegal seizure may qualify for lawful possession of the property. *See id.* at 1201-02 (holding contraband and other property used to commit drug offense was not subject to return to convicted defendant). When defendants attempt through a Rule 41 proceeding to equitably recover property seized during arrest, we have said a court may give quiet title to the government, explaining defendants who use the property to commit an offense lack a "conclusively presumptive property right in the fruit of their criminal conduct." *Id.* at 1200.

In this case, the district court explained Mr. Penry forfeited his interest in the laptop computer and hard drive because he used them to commit his offense of sexual exploitation of a minor. This fact is clearly undisputed, given Mr. Penry's own admission he used the computer and hard drive to download and view child pornography from the internet. As a result, Mr. Penry is not innocent with regard to the use of such property and, pursuant to 18 U.S.C. § 2253, such property is clearly subject to forfeiture.

With respect to whether such property was illegally seized, the district

court declined to make a determination on the merits, holding Mr. Penry could not collaterally challenge the circumstances surrounding the search and seizure through a post-conviction Rule 41(g) motion. We agree and have found no legal precedent stating otherwise. We also agree with the district court that Mr. Penry failed to show he is entitled to bring a collateral attack on his conviction under 28 U.S.C. § 2255. In addition, no prior ruling or anything in the record suggests the search and seizure at issue were illegal. Because nothing indicates illegal seizure of Mr. Penry's property and he soundly lacks the legal innocence required for its return, he fails to show he is entitled to the return of his laptop computer and hard drive. As such, the district court did not abuse its discretion in denying that portion of Mr. Penry's motion relating to this property, thereby giving quiet title to the government.

Even if we addressed the merits of the legality of the search and seizure of such property for Mr. Penry's benefit, he could not prevail. He was arrested on February 18, 2008, on circumstances unrelated to his exploitation of a minor conviction. Only after his roommate's production of the property at issue on February 22, 2008, did authorities have notice of Mr. Penry's instant offense. Information from the roommate, together with Mr. Penry's own admission, on February 26, 2008, to using such property to download and view child pornography, was sufficient to show probable cause for a search warrant, *see United States v. Grimmett*, 439 F.3d 1263, 1268 (10th Cir. 2006), and the fact it

was not obtained and executed until approximately fourteen days after his admission does not establish, under the circumstances presented, the degree of delay necessary for the purpose of making the seizure of his property unconstitutional. *See, e.g., United States v. Burgess*, 576 F.3d 1078, 1096-97 (10th Cir. 2009) (holding forty-four-day delay in forensic search of hard drive constitutional where probable cause is unaffected by delay); *United States v. Shomo*, 786 F.2d 981, 984 (10th Cir. 1986) (holding probable cause may be found despite the existence of a substantial delay between the event relied on and the issuance of the warrant if property is likely to stay in same place for lengthy time).

### III.  Conclusion

For these reasons, we **AFFIRM** the district court's order on Mr. Penry's Rule 41(g) motion.  We also **GRANT** Mr. Penry's motion to proceed *in forma pauperis.*

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge