**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD KATSUAKI SHIGEMURA,

Defendant - Appellant.

No. 14-6078
(D.C. No. 5:09-CR-00091-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered
submitted without oral argument.

This is the third appeal in which Appellant Edward Shigemura seeks the return of
cash or other property seized at the time of his arrest in February 2009. In this case,
Appellant appeals the district court's denial of his motion to recall a declaration of
administrative forfeiture of $62,368.93—the sum total of the cash seized following a

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

search of Appellant, the car he was driving, and the passengers in his car.

On February 24, 2009, the Oklahoma Highway Patrol stopped Appellant after a trooper observed him committing a traffic violation. State troopers searched Appellant, the car he was driving, and the car's two passengers. During the search, the state troopers found a total of $62,368.93 in currency, five loaded handguns, a rifle, and other items suggestive of criminal activity, including a police scanner, flex cuffs, duct tape, leather and latex gloves, pocket knives, and a hat with the letters "FBI" on it.

State authorities turned the cash over to the federal government pursuant to a seizure warrant "as money furnished or intended to be furnished in exchange for a controlled substance under 21 U.S.C. § 881(a)(6)." *United States v. Shigemura*, 664 F.3d 310, 311 (10th Cir. 2011). On May 7, 2009, the FBI provided written notice to Appellant that he could file a claim to contest the intended administrative forfeiture of the cash. Appellant never filed a claim, and the FBI issued a declaration of forfeiture on September 29, 2009.

Meanwhile, Appellant was tried and convicted on one count of being a felon in possession of a firearm. The evidence introduced at his trial did not include any mention of the large amounts of cash found during the search. However, evidence of the cash was relevant at sentencing, where the district court found that Appellant's trip was "made for the purpose of dealing in illegal drugs" and that the "funds were being transported in connection with a drug felony." (R. Vol. III at 275.) The court accordingly imposed a sentencing enhancement for possession of a firearm in connection with another felony.

Appellant's conviction and sentence were affirmed on appeal. *See United States v. Kitchell*, 653 F.3d 1206 (10th Cir. 2011).

Fourteen months after the FBI issued the declaration of forfeiture, Appellant filed a motion under Rule 41(g) of the Federal Rules of Criminal Procedure, in which he sought the return of $44,853.39—the money recovered from his person and his vehicle, but not from his passengers—as well as various items of personal property seized at the time of his arrest. We affirmed the district court's conclusion that it lacked jurisdiction to consider Appellant's 41(g) motion as it related to the forfeiture of the cash. However, we remanded for the district court to consider whether any of Appellant's personal property was in the possession of the federal government and might be recoverable under Rule 41(g). *See Shigemura*, 664 F.3d at 312-13.

On remand, the district court ordered the government to return the two items it had in its possession: a cell phone and a pair of running shoes. Appellant claimed the government had lost other personal property turned over by the Oklahoma Highway Patrol, and he accordingly filed an administrative claim for $452 to the FBI, which denied his claim as untimely. Appellant then filed a claim in the district court under the Federal Tort Claims Act, seeking $452 in damages for loss of personal property. The district court concluded that Appellant's FTCA claim failed because Appellant's personal property was not seized for the purpose of forfeiture, or at least not solely for this purpose. *See* 28 U.S.C. § 2680(c); *see also Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir. 2008) (holding that the FTCA waiver of sovereign immunity under § 2680(c)'s

"applies only to property seized solely for the purpose of forfeiture"). We affirmed this conclusion on appeal. *See Shigemura v. United States*, 504 F. App'x 678, 680 (10th Cir. 2012).

Appellant subsequently filed the motion underlying this appeal—a motion to recall the administrative declaration of forfeiture of the $62,368.93 in cash recovered during the search of Appellant, his car, and his passengers. As the basis for this relief, he contended the government violated his due process rights when it failed to provide him with notice of the intended forfeiture within sixty days of the seizure. For support, he relied on 18 U.S.C. § 983(a)(1)(A)(i), which provides:

> Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

The district court denied Appellant's motion to recall the declaration, holding that Appellant was relying on the wrong portion of the statute to determine the length of the notice period. Under one of the enumerated exceptions to § 983(a)(1)(A)(i), a ninety-day notice period applies "[i]n a case in which the property is seized by a State or local law enforcement agency and turned over to the Federal law enforcement agency for the purpose of forfeiture under Federal law." 18 U.S.C. § 983(a)(1)(A)(iv). Here, the cash was seized by the state highway patrol and then turned over to the FBI, which provided notice of the forfeiture to Appellant seventy-two days after the initial seizure of the cash. The district court accordingly rejected Appellant's argument that he did not receive

timely notice of the intended forfeiture.

On appeal, Appellant argues the longer notice period provided by § 983(a)(1)(A)(iv) is not applicable for three reasons: (1) because Appellant was ultimately tried only on federal charges, the state troopers were acting as agents of the federal government at the time of Appellant's arrest, and thus the cash was not "seized by a State or local enforcement agency"; (2) as the district court concluded in denying Appellant's earlier FTCA claims, Appellant's property was not seized or turned over to the federal government "for the purpose of forfeiture"; and (3) under the rule of lenity and principles of strict scrutiny, we should apply the statutory provision that will disfavor forfeiture by forcing the government to comply with a shorter notice period. Appellant also argues the district court violated his procedural rights by issuing a decision before Appellant had had time to reply to the government's response brief.

We conclude that none of these arguments entitle Appellant to relief. First, even assuming that 18 U.S.C. § 983(a)(1)(A)(iv) is inapplicable when state law enforcement officers act as agents of the federal government, there is no evidence of such an agency relationship in this case. The fact Appellant was ultimately prosecuted only on federal charges does not retroactively transform the Oklahoma Highway Patrol's independent decision to search Appellant's car and seize the relevant evidence into a search and seizure by the federal government for purposes of § 983. Second, unlike the personal property that formed the basis for the district court's decision in Appellant's FTCA case, the cash at issue in this appeal was in fact turned over to the federal government for the

purpose of forfeiture. As we explained in *Shigemura*, 664 F.3d at 311, "[b]efore trial, the federal government obtained a seizure warrant for the $62,368.93 as money furnished or intended to be furnished in exchange for a controlled substance under 21 U.S.C. § 881(a)(6)," which provides for the forfeiture of certain types of property used in criminal activities. The declaration of administrative forfeiture also notes that the cash was turned over to the FBI was for the purpose of "civil forfeiture." (R. Vol. I at 96.) We accordingly agree with the district court that the ninety-day notice period applied because, as required for § 983(a)(1)(A)(iv) to apply, the property at issue in this appeal was seized by a state or local law enforcement agency and then turned over to a federal law enforcement agency for the purpose of forfeiture under federal law. Finally, we are not persuaded that either the rule of lenity or principles of strict scrutiny are applicable to this appeal. *Cf. Russello v. United States*, 464 U.S. 16, 29 (1983) (holding that the rule of lenity does not apply to the RICO forfeiture provision because the language of that provision is clear). We thus see no error in the district court's denial of Appellant's motion to recall the declaration of forfeiture.

As for Appellant's procedural objection to the district court's decision, under all of the circumstances of this case, "[w]e find neither prejudice to [Appellant] nor an abuse of the district court's discretion in ruling before the filing of a reply brief." *Walter v. Morton*, 33 F.3d 1240, 1244 (10th Cir. 1994).

The district court's ruling is **AFFIRMED**.  We **GRANT** Appellant's motion to proceed *in forma pauperis* on appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge