**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RITO VASQUEZ-GARCIA,

    Defendant - Appellant.

No. 16-3074
(D.C. No. 5:10-CR-40014-JTM-1)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Rito Vasquez-Garcia, proceeding pro se, appeals the district court's denial of his motion seeking to recover weapons and ammunition seized from his home in 2009 by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). The district court denied Mr. Vasquez-Garcia's motion as being untimely and thus barred under the applicable statute, 18 U.S.C. § 983. We affirm.

## I. BACKGROUND

On June 17, 2009, ATF agents seized four firearms and ammunition from Mr. Vasquez-Garcia's prior residence. ATF began administrative forfeiture proceedings

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 18 U.S.C. § 924(d). On June 29, 2009, ATF notified Mr. Vasquez-Garcia of his right to contest the forfeiture in district court by filing a Claim of Ownership with ATF within thirty-five days or by filing a Petition for Remission or Mitigation of Forfeiture within thirty days. On July 2, 2009, July 9, 2009, and July 16, 2009, ATF published notice of the seizure and pending administrative proceeding in the Wall Street Journal. Although the government indicted Mr. Vasquez-Garcia on February 10, 2010, it later moved to dismiss the indictment without prejudice. The court granted the motion and closed the case on March 18, 2015.

Over six years after ATF notified Mr. Vasquez-Garcia of his right to contest forfeiture of the firearms and ammunition, on August 24, 2015, he filed a Petition for Remission or Mitigation of Forfeiture. ATF denied the petition on August 31, 2015, because the property had already been forfeited to the United States.

On December 2, 2015, Mr. Vasquez-Garcia filed a motion to set aside the 2009 ATF administrative forfeiture of the firearms and ammunition, claiming to be an innocent owner of the property. In response, the government asserted that the motion was untimely pursuant to 18 U.S.C. § 983(e)(3). In his reply, Mr. Vasquez-Garcia did not challenge the timeline asserted by the government but argued he was an innocent owner of the property. Mr. Vasquez-Garcia also alleged he lacks the skills and ability to raise the relevant objections to the seizure and does not speak English. On March 15, 2016, the district court denied Mr. Vasquez-Garcia's motion to set aside forfeiture as untimely. Mr. Vasquez-Garcia also filed a motion for leave to appeal in forma pauperis (IFP), which the district court denied because Mr. Vasquez-Garcia

2

failed to raise a legally non-frivolous argument. Mr. Vasquez-Garcia has renewed his request for IFP status before this court on appeal. After our independent examination of the record, we affirm. Mr. Vasquez-Garcia's motion was untimely and thus barred under the applicable statute. In addition, we deny Mr. Vasquez-Garcia's request to proceed IFP.

## II.  DISCUSSION

We review questions of law relating to a motion for return of seized property de novo. *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011). Mr. Vasquez-Garcia argues that because the indictment against him was dismissed, he is an innocent owner of the property seized by the ATF, and the district court therefore erred by not returning the property to him. The plain statutory language defeats this claim.

18 U.S.C. § 983(e) provides "the exclusive remedy for the recovery of administratively forfeited property." *United States v. Tinajero-Porras*, 378 F. App'x 850, 851 (10th Cir. 2010) (unpublished). When a party claims it "did not know or have reason to know of the seizure within sufficient time to file a timely claim," the party may file a motion to set aside forfeiture. 18 U.S.C. § 983(e)(1)(B). But such a motion must be filed "not later than 5 years after the date of final publication of notice of seizure of the property." 18 U.S.C. § 983(e)(3). The district court correctly determined Mr. Vasquez-Garcia's motion is barred by this limitations period.

The facts in this case are straightforward. On July 2, 2009, July 9, 2009, and July 16, 2009, ATF published notice of the seizure and pending administrative

3

proceeding. As a result, the latest date for filing a timely motion for return of property was July 17, 2014. Mr. Vasquez-Garcia filed the motion to set aside forfeiture on December 2, 2015, well past the end of the limitations period.

Mr. Vasquez-Garcia does not dispute this timeline. And even assuming without deciding that the statute of limitations in § 983 is subject to equitable tolling, Mr. Vasquez-Garcia has alleged no facts that could establish he diligently pursued his claim or that some extraordinary circumstance prevented him from timely filing. *Cobrar v. DEA*, No. 12 Civ. 7415(KPF), 2014 WL 1303110, at *9 (S.D.N.Y. Mar. 31, 2014).

## III. CONCLUSION

For the reasons explained above, we agree with the district court that Mr. Vasquez-Garcia's Petition for Remission or Mitigation of Forfeiture is barred by the applicable statute of limitations. His appeal is therefore denied, and the district court's order is AFFIRMED. Mr. Vasquez-Garcia's request to proceed IFP on appeal is also DENIED, and he is accordingly reminded of his obligation to pay the filing fee in full.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

4